IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DUSTY R. TONEY,

    Plaintiff,

v().    CIVIL ACTION NO. 5:04-0669

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

FILED

DEC 1 6 2004

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy
Southern District of W.Va.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Defendant's Motion for Remand of this matter "for further administrative action including review of the 'new evidence' and compilation of the transcript in accordance with this Court's Order dated September 24, 2003, see Toney v. Barnhardt, Civil Action No. 5:02-0489." (Document No. 12.)

In view of Defendant's citation to Plaintiff's earlier case in this Court, 5:02-0489, the undersigned provides the following summary of the proceedings and the Court's decision in that case. On May 28, 2002, Plaintiff filed a Complaint seeking review of Defendant's final decision denying his Application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 - 403, and the matter was designated 5:02-0489. Defendant filed an Answer and a transcript of the administrative record. The undersigned filed Proposed Findings and Recommendation on August 1, 2003, and Plaintiff objected. Plaintiff objected that the Appeals Council erred in considering medical records submitted while the matter was pending before it upon his request for review of the ALJ's decision and that Defendant did not include the medical records for the Court's consideration in reviewing Defendant's final decision denying his Application.

(Document No. 18 in 5:02-0489.) Plaintiff had not raised this issue in moving for judgment on the pleadings. By Order and Judgment Order filed on September 26, 2003 (Document Nos. 19 and 20 in 5:02-0489.), the District Court, District Judge Chambers presiding, declined to adopt the Proposed Findings and Recommendation, sustained Plaintiff's objection and remanded the matter to Defendant "[b]ecause the Appeals Council failed to explain its reasons for rejecting the evidence adduced by Plaintiff . . .." (Document No. 19 in 5:02-0489, p. 2.) The Court found that "both the Appeals Council's failure to adequately explain its reasons for rejecting Plaintiff's newly submitted evidence and the Commissioner's failure to include that evidence as part of the transcript are grounds for remand to the Commissioner." (*Id.*, pp. 4 - 5.) The Court stated that

> On remand, the Commissioner should re-examine all sixteen records submitted to the Appeals Council. If any of these records are deemed irrelevant or immaterial, they need not be considered, but the Commissioner must explain the basis for this finding. If further consideration of the six records that the Appeals Council 'considered' does not yield a different result, the Commissioner should also explain the weight given to these records.

(*Id.*, pp. 5 - 6.)

Apparently, Plaintiff case went through the administrative process following its remand, and Plaintiff's Application was again denied. On June 30, 2004, Plaintiff filed a Complaint seeking review of Defendant's final decision denying his Application thus initiating this matter. Defendant filed an Answer and transcript of the administrative record on September 13, 2004. (Document Nos. 6 and 7.) Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support on October 13, 2004. (Document Nos. 8 and 9.) Plaintiff contends that Defendant failed to follow the instructions of the Court in 5:02-0489 and failed to weigh appropriately all of the evidence. (Document No. 9.) As noted above, on December 14, 2004, Defendant filed a Motion for Remand

of this matter "for further administrative action including review of the 'new evidence' and compilation of the transcript in accordance with this Court's Order dated September 24, 2003, see Toney v. Barnhardt, Civil Action No. 5:02-0489." Defendant represents that Plaintiff's counsel was contacted and indicated no objection to the granting of the Motion for Remand. (Document No. 12.)

It is clear that Defendant's Motion should be considered a request for remand under sentence four, not sentence six, of 42 U.S.C. § 405(g) because Defendant has filed an Answer to Plaintiff's Complaint and the transcript of the administrative record. Sentence six of 42 U.S.C. § 405(g) provides that remand is appropriate upon the Motion of the Commissioner "for good cause shown before the Commissioner files the Commissioner's answer . . .." Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Apparently, Defendant requests a remand to address the issues which Plaintiff raises in seeking judgment on the pleadings. Assuming logically therefore that Plaintiff's contentions are well-taken, it is foreseeable that the Court would ultimately conclude that this matter should be remanded. The undersigned therefore finds that good cause exists for remanding this case now at Defendant's request and with Plaintiff's consent.

Accordingly, there being good cause for the Defendant's Motion to Remand and there being no objection, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, **GRANT** Defendant's Motion for Remand (Document No. 12.), **REVERSE** or **VACATE** the decision of the Commissioner and **REMAND** Claimant's case to the Commissioner pursuant to the fourth Sentence of 42 U.S.C. § 405(g) for further proceedings as indicated in Defendant's Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time frame may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief District Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

DATE: December 16, 2004.

R. Clarke VanDervort
United States Magistrate Judge